UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER LOCAL 669 UA EDUCATION FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, TRUSTEES )
OF THE SPRINKLER INDUSTRY SUPPLEMENTAL )
PENSION FUND, TRUSTEES OF THE )
INTERNATIONAL TRAINING FUND, ROAD )
SPRINKLER FITTERS LOCAL UNION NO. 669 )
WORK ASSESSMENTS AND EXTENDED BENEFIT FUND )
8000 Corporate Drive )
Landover, MD 20785, )
                                     Plaintiffs, )
       v. ) C.A. NO.
       )
ALL SYSTEMS FIRE PROTECTION COMPANY, INC. )
1251 Linden Vue Drive )
Canonsburg, PA 15317-9605 )
   )
Serve: Craig M. Bingham, President )
        1536 Celebration Circle )
        Bridgeville, PA 15017 )
  )
and )
  )
CRAIG M. BINGHAM )
1536 Celebration Circle )
Bridgeville, PA 15017 )
  )
Serve: Craig M. Bingham, President )
        1536 Celebration Circle )
        Bridgeville, PA 15017 )
  )
                                  Defendants. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND FOR BREACH OF SETTLEMENT AGREEMENT)

## Parties

1. Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the International Training Fund and Road Sprinkler Fitters Local Union No. 669 Work Assessments and Extended Benefit Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreements between Road Sprinkler Fitters Local Union No. 669 and Sprinkler Fitters Local Union 542 (hereinafter "the Union") and the Defendant All Systems Fire Protection Company, Inc. (hereinafter "All Systems"). The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. Defendant All Systems is a corporation existing under the laws of the State of Pennsylvania with offices located in Pennsylvania. Defendant transacts business in the State of Pennsylvania as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

3. Defendant Craig M. Bingham is the President of the Defendant All Systems and is a resident of the state of Pennsylvania.

## Jurisdiction

4. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement and an action for breach of a Settlement Agreement and Promissory Note.

## COUNT I

5. Defendant All Systems is signatory to Collective Bargaining Agreements with the Union requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

6. Defendant All Systems is bound to the Trust Agreements and to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Defendant All Systems employed certain employees covered by the Collective Bargaining Agreement during the period of January 2015 through the present.

8. The Defendant All Systems experienced substantial difficulty in making the required benefit contributions owed to the NASI Funds. In response to these difficulties, the NASI Funds and said Defendant entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents") allowing for a systematic payment over time of all amounts owed to the NASI Funds. These settlement documents required, inter alia, the payment of the principal amount of $243,014.98 by said Defendant to the NASI Funds in monthly installment payments over a period of eighteen months. The settlement documents further provided that the

Defendant All Systems remain current in all future contributions to the NASI Funds for the duration of the settlement and file all monthly report forms and payments on time as required by the Funds' Trust Agreements. Liquidated damages in the amount of $92,579.75 were waived contingent upon the Defendant All Systems making each and every one of the scheduled payments as they became due under this Agreement and contingent upon the Defendant remaining current in its monthly contributions for the duration of the settlement.

9. Defendant Craig M. Bingham (hereinafter "Bingham") personally executed these settlement documents pursuant to which he committed himself to act as guarantor for all amounts owed by the Defendant All Systems to the NASI Funds inclusive of future monthly contributions owed to the NASI Funds for the duration of the settlement.

10. The Defendant All Systems has defaulted on the terms of the settlement documents by failing to pay contributions owed to the NASI Funds for the months of March and April 2019. Pursuant to the terms of the settlement documents, Defendant All Systems is in default and the amount of $230,518.19 for contributions and reinstated liquidated damages currently owed under the settlement documents is immediately due and payable to the NASI Funds.

11. Defendant All Systems has failed to make contributions due to Plaintiff Funds on behalf of its employees for the months of March and April 2019. In addition, Defendant has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

12. Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer fails to file the properly completed report


forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> ... The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted ...

13. Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of March and April 2019 is $41,807.50 calculated as follows:

| Month | Welfare | Education | Pension | SIS | ITF | Wrk Asst's | Ext. Ben. |
|---|---|---|---|---|---|---|---|
| Dec. 2018 | $8,889.05 | $178.08 | $6,092.80 | $5,009.60 | $95.20 | $849.71 | $106.00 |
| Jan. 2019 | $9,281.52 | $193.20 | $6,309.60 | $5,070.00 | $95.60 | $920.10 | $115.00 |
| Feb. 2019 | $8,378.16 | $141.12 | $5,728.80 | $4,509.40 | $86.80 | $672.01 | $84.00 |
| **Monthly Average:** | $8,849.58 | $170.80 | $6,043.73 | $4,863.00 | $92.53 | $813.94 | $101.67 |

14. Defendant All Systems' contributions owed on behalf of its sprinkler fitter employees for the months of November 2018 through February 2019 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A). Defendant All System's contributions owed on behalf of its sprinkler fitter employees for the month of March 2019 are late.

15. Pursuant to the Trust Agreements and the Guidelines for Participation in the NASI Funds, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.
>
> (2) An additional 5% is added if payment is not received in the

5

                Funds Office by the last working day of the month in which payment was due.

    (3)    An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

16.    Pursuant to this provision, Defendant All Systems is obligated to Plaintiff Funds in the amount of $19,510.95 in liquidated damages assessed on late contributions for the months of November 2018 through March 2019, plus interest from the date of delinquency through the date of payment at the rate provided in 29 U.S.C. Section 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

17.    Pursuant to the terms of the settlement documents, the Defendant Bingham is jointly and severally liable for all amounts owed by the Defendant All Systems to the NASI Funds. Accordingly, the Defendant Bingham is liable to the NASI Funds for the sum of $291,899.64, plus costs, interest and attorneys' fees.

**WHEREFORE**, in Count I, Plaintiff Funds pray for judgment against the Defendants All Systems and Bingham, jointly and severally, as follows:

    A.    In the amount of $230,518.19 as currently owed under the terms of the settlement documents.

    B.    In the amount of $41,870.50 for contributions due for work performed during the months of March and April 2019, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

    C.    In the amount of $19,510.95 for liquidated damages assessed on late contributions for the months of November 2019 through March 2019, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines

for Participation in the NASI Funds.

D. For costs, interest, and reasonable attorneys' assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

E. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

F. For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682
Attorneys for Plaintiffs

326187_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 13th day of May, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

                                    /s/
                            Charles W. Gilligan

326187_1